IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 12-34955 |
| **STEPHANIE G. SMITH**, | ) | |
| | ) | |
| Debtor, | ) | CHAPTER 13 |
| | ) | |
| **U.S. BANK, N.A., as Trustee Through its MORTGAGE SERVICER GMAC MORTGAGE, LLC**, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Adv. No. 13-03198 |
| **STEPHANIE G. SMITH; THE BANK OF NEW YORK MELLON, AS TRUSTEE, PINNACLE TITLE COMPANY, LLC; PINNACLE TITLE MANAGEMENT, INC.; COUNTRY TITLE, LLC; and GREEN TREE SERVICING, LLC,** | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**U.S. BANK'S SUPPLEMENT TO MOTIONS FOR SUMMARY JUDGMENT
ON U.S. BANK'S CAUSES OF ACTION, AND DEBTOR'S CONSOLIDATED
OBJECTION TO CLAIM, AND COUNTERCLAIMS OF GREEN TREE AND BONY
(DOCKET NOS. 54 & 55)**

Plaintiff U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for RAAC 2007-RP1, through its mortgage servicer Ocwen Loan Servicing, LLC as successor servicer to GMAC Mortgage, LLC (hereinafter "U.S. Bank") respectfully supplements its pending motions for summary judgments (Docket Nos. 54 & 55)

pursuant to the statements of counsel, the bank records admitted into evidence, and the order of the Court at the hearing conducted July 22, 2015,

1. U.S. Bank moved for summary judgment on "Debtor's Objection to Claim of GMAC Mortgage, LLC" (Docket No. 55), which has been consolidated with this adversary proceeding. (Docket No. 74). The sole basis for Debtor's objection is that Ocwen was paid off at the closing of Debtor's subsequent mortgage refinancing loan with Bank of New York Mellon ("BONY"). The pleadings and summary judgment evidence in "U.S. Bank's Motion for Summary Judgment on Debtor's Consolidated Objection to Claim and on U.S. Bank's Claims for Adjudicated and Declaration of Lien Priority and Memorandum in Support" are restated and incorporated herein for all purposes. (Docket No. 54).

2. U.S. Bank's Amended Complaint (Docket Nos. 18 & 62) plead causes of action for (I) trespass to try title, (II) determination of validity and priority of liens, (III) objection of claim of BONY through its servicer Green Tree Servicing, LLC as successor to Specialized Loan Servicing, LLC ("Green Tree"), (IV) declaratory judgment, (V) alternative claim for equitable subrogation, and (VI) attorney's fees. The complaint requests that this Court enter judgment and order that: U.S. Bank has a valid and enforceable first lien mortgage on Debtor's, Stephanie G. Smith's principal residence at 8306 Indian Spring Trail, Houston, Harris County, Texas 77050 ("the Property"); as between U.S. Bank's mortgage and BONY's mortgage, U.S. Bank has first lien priority; and BONY's mortgage must be disallowed; or alternatively that BONY's mortgage is wholly unsecured under Section 506(a). (Docket Nos. 18 & 62). All of U.S. Bank's causes of action are predicated on the allegation that the title company never tendered payment in full. The pleadings and summary judgment evidence in U.S. Bank's Motion for Summary Judgment is restated and incorporated herein for all purposes (Docket No. 54).

3. Green Tree and BONY filed a counterclaim against U.S. Bank alleging causes of action for: (I) declaratory judgment that U.S. Bank had been paid in full, (II) trespass to try title, (III) determination of the validity and priority of liens that BONY's mortgage is valid and in priority to U.S. Bank's mortgage, (IV) that U.S. Bank's note and deed of trust have been discharged by payment in full, and (V) U.S. Bank is guilty of negligence for returning a payoff in full. (Docket No. 42). All of BONY's causes of action are predicated on the allegation that at closing on BONY's home equity refinancing that U.S. Bank received a payment for the full amount due and owing on its mortgage.

4. The undisputed evidence is that U.S. Bank did not receive a payment in full. At the hearing conducted by this Court on July 22, 2015, the attorney representing BONY and Green Tree informed the Court that he had obtained title company bank records from Capital One Bank, and that the bank records reflect that no money was paid by the title company to U.S. Bank in April 2007 after the closing (Transcript, p. 6, line 25 – p. 7, line 7), that an insufficient amount had been tendered by the title company to U.S. Bank and then returned (Transcript, p. 4, line 12 – p. 5, line 10), and that there were irregularities in the title company's account. (Transcript, p. 5, line 12 – p. 6, line 24). The Court admitted the Capital One Bank records into evidence. (Transcript, p. 10, lines 1 – 6). (See the attached Exhibit "1").

5. Accordingly, the evidence is that U.S. Bank's mortgage was not paid off, and Stephanie G. Smith did not receive the consideration or benefit from its home equity and security instrument except for $8,917.12 distributed directly to Debtor at closing.

6. Other than allegations that the title company had tendered payment in full to U.S. Bank, there has been no objection to U.S. Bank's timely filed Proof of Claim in the secured amount of $116,471.73 owed as of the July 2, 2012 bankruptcy petition date.

7. The only evidence of value of the property is the Harris County Appraisal District valuation of $88,354.00 in 2012 and $83,701.00 in 2015. True and correct copies of the Harris County Appraisal District's real property account information statements for tax years 2012, 2013, 2014 and 2015, printed from HCAD's website are attached hereto as Exhibit "2". Therefore, the summary judgment evidence is that as of the bankruptcy petition date, the amount owed to U.S. Bank is $28,117.73 more than the value of the Property. No party has pled any facts to the contrary. At the July 22, 2015 hearing, Green Tree conceded that U.S. Bank's claim is more than the value of the property. (Transcript, p. 12, lines 10 – 18). Accordingly, to the extent BONY and Green Tree have an allowable claim, such claim is wholly unsecured and can be modified and crammed down to $0 secured. *Bartee v. Tara Colony Homeowners Assoc. (In re Bartee)*, 212 F.3d 277 (5th Cir. 2000).

8. On June 28, 2013, this Court entered an "Order Suspending Trustee Distribution on Claim of Specialized Loan Servicing, LLC (Claim No. 4)," pending adjudication of this adversary proceeding. (Docket No. 67). As of August 7, 2015, the Chapter 13 Trustee's records reflect that he is holding $29,758.74 in plan payments, and that prior to June 28, 2013 he distributed $771.12 to Green Tree Servicing in pre-petition arrearages, and $6,536.64 in ongoing mortgage payments. True and correct copies of the Chapter 13 Trustee's records downloaded from his website on August 7, 2015 are attached hereto as Exhibit "3". These disbursed amounts total $7,307.76.

WHEREFORE PREMISES CONSIDERED, U.S. Bank respectfully prays that this Court:

(a) Grant U.S. Bank's motion for summary judgment on Debtor's objection to claim, and order that U.S. Bank's proof of claim is allowed in the secured first lien mortgage amount of $116,471.73, as of the July 2, 2012 bankruptcy petition date; and

(b) Grant U.S. Bank's motion for summary judgment for adjudication and declaration of lien priority, and order that U.S. Bank has an allowed first lien mortgage ahead of the recorded home equity security instrument filed by Bank of New York Mellon; and

(c) Grant U.S. Bank's motion for summary judgment on all counterclaims of Green Tree and BONY, and enter an order denying all claims filed by Bank of New York Mellon and Green Tree; and

(d) Order that Bank of New York Mellon, as Trustee through its mortgage servicer Green Tree Servicing, LLC refund to the Chapter 13 Trustee, David G. Peake the amount received from the Trustee in this case totaling $7,307.76 within 45 days; and

(e) Order that the claim of BONY through its mortgage servicer Green Tree is disallowed as to Debtor for failure of consideration; or alternatively

(f) Order that any allowable claim of BONY and Green Tree is wholly unsecured for purposes of 11 U.S.C. § 1322(b)(2) & 506(a); and

(g) Grant U.S. Bank such relief, in equity or at law, to which it may be entitled.

Respectfully Submitted,

/s/ H. Gray Burks, IV
H. Gray Burks, IV
State Bar No. 03418320
SHAPIRO SCHWARTZ, LLP
13105 Northwest Freeway, Suite 1200
Houston, Texas 77040
Telephone: (713) 462-2565
Facsimile:  (847) 879-4854
Email: gburks@logs.com

*Attorneys for U.S. BANK, N.A., as Trustee through its mortgage servicer, Ocwen Loan Servicing, LLC as successor servicer to GMAC MORTGAGE, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on the following counsel of record via CM/ECF on August 7, 2015.

Richard A. McKinney
5057 Keller Springs Road, Suite 600
Addison, TX 75001-6020
*Attorneys for Defendants Green Tree and BONY*

Eloise A. Guzman
Guzman Law Firm
8225 Gulf Freeway
Houston, TX 77017
*Attorney for Debtor Stephanie G. Smith*

/s/ H. Gray Burks, IV
H. Gray Burks, IV