

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
03/23/2016

| | | |
|---|---|---|
| IN RE: § | | |
| STEPHANIE G. SMITH § | CASE NO: 12-34955 | |
| Debtor(s) § | | |
| § | CHAPTER 13 | |
| § | | |
| U.S. BANK, N.A., AS TRUSTEE § | | |
| Plaintiff(s) § | | |
| § | | |
| VS. § | ADVERSARY NO. 13-3198 | |
| § | | |
| STEPHANIE G. SMITH, *et al* § | | |
| Defendant(s) § | | |

## ORDER

On consideration of U.S. Bank's Motion for Summary Judgment on Debtor's Consolidated Objection to Claim and on U.S. Bank's Claims for Adjudication and Declaration of Lien (ECF No. 54), U.S. Bank's Motion for Summary Judgment on All Counterclaims Asserted by Defendant/Counterclaimants Green Tree and BONY (ECF No. 55), and U.S. Bank's Supplement to Motions for Summary Judgment on U.S. Bank's Causes of Action, and Debtor's Consolidated Objection to Claim, and Counterclaims of Green Tree and BONY (ECF No. 90), the summary judgment evidence, and all responses thereto, it is ordered:

1. The proof of claim filed by U.S. Bank N.A. as trustee, through its Mortgage Services GMAC Mortgage, LLC ("U.S. Bank") is allowed in the secured first lien mortgage amount of $116,471.73 with pre-petition arrears of $54,934.48 and ongoing monthly payments of $940.71 as of the petition date.

2. U.S. Bank has an allowed first lien mortgage ahead of the recorded Home Equity Deed of Trust conveyed to MERS as nominee for CIT Group and assigned to Bank of New York Mellon.

3. Bank of New York Mellon's secured Proof of Claim (Claim No. 4) is disallowed.

4. Nothing in this Order precludes Bank of New York Mellon from filing an unsecured proof of claim in this case.

5. Nothing in this Order precludes the Debtor or any party in interest from objecting to any unsecured proof of claim which may be filed by Bank of New York Mellon, except that disallowance based on an allegation that the late filed claims are late-filed under § 502(b)(9) shall not be grounds for objection.

6. In the event that Bank of New York Mellon or its services discovers in the future that the $72,000.08 from the title company's Capital One account by "Phone transfer debit" on August 3, 2008 was sent to and retained by U.S. Bank or its mortgage servicers and that these funds are traceable to the funds paid by CIT Group at the April 23, 2007 closing, then nothing in this Order precludes Bank of New York Mellon from filing suit to recover any such funds. Such suit shall not include any recovery from U.S. Bank for the $20,000.00 received on Debtor's mortgage on May 6, 2008.

7. All other relief is denied.

SIGNED **March 21, 2016.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE